SOCRATES GLAYS *v.* A RAFT OF PINE LUMBER, ETC.

A raft of lumber is not a water-craft, within the contemplation of the statute regulating watercrafts, navigating the waters within or bordering upon this State.

SPECIAL TERM.—On demurrer to answer. This was an action under the water-craft law, instituted against " a raft of pine lumber without a name, navigating the waters within and bordering upon the State of Ohio," to recover for an injury to the plaintiff's flat-boat, in consequence of the improper navigation of a raft of pine lumber. The defendant, by its owner, put in an answer denying that the raft was a water-craft, or, as such, was liable to seizure under a warrant of attachment, and alleges that the lumber, without any propelling power being attached, was floated from the head waters of the Allegheny to Cincinnati for market, and was separated into distinct platforms temporarily, so as to be conveniently taken apart wherever a market could be found. A demurrer was filed to the answer, contending that supposing all these facts to be true, they did not show that the raft was not a water-craft.

*King, Anderson & Sage,* for plaintiff.

*Lincoln, Smith & Warnock,* for defendant.

SPENCER, J. I suppose that the very term " water-craft" implies some degree of skill and adaptation for the purposes of navigation in the manufacture of the craft, and could not properly be applied to a number of logs put temporarily together, to be brought into market, without any reference to their use in navigation, for the purpose of trade or commerce.

Demurrer overruled, and action dismissed.